# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 1:26-CV-6842 (RER) (AYS)

RAQUEL DEJOIE

VERSUS

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, MAGNOLIA HOUSE, PAM'S PLACE, HELP USA, NIKITA WATKINS, AND JOHN DOE AND JANE DOE SHELTER OPERATORS, STAFF MEMBERS, SUPERVISORS, CASEWORKERS, AND DHS EMPLOYEES

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Pro se Plaintiff Raquel Dejoie ("Dejoie" or "Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 ("section 1983"). For the reasons set forth below, the complaint is dismissed.

Ms. Dejoie's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2). Plaintiff's requests to expedite consideration of preliminary protective relief and for disability-related placement and transfer determinations are denied; Plaintiff is granted until December 21, 2026, to file an amended complaint. (ECF No. 5).

## BACKGROUND

Ms. Dejoie brings this action against the City of New York, the New York City Department of Homeless Services ("DHS"), several homeless shelters, and employees of those shelters. Plaintiff alleges that she was placed at Magnolia Shelter ("Magnolia")

and requested a transfer because she did not feel safe there. (ECF No. 1 at 3.) Plaintiff further alleges that, despite her repeated requests for assistance, she remained homeless as a result of defendants' alleged acts and omissions. Ms. Dejoie seeks monetary damages.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'"

*Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

I. Plaintiff's Complaint Fails to State a Claim for Relief

Plaintiff's complaint fails to state a claim for relief. Ms. Dejoie asserts that her civil rights have been violated under section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

A. City of New York and DHS

As an agency of the City of New York, DHS is not a suable entity. *See* NY. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that

of any agency, except where otherwise provided by law."); *Calderon v. New York City Dep't of Homeless Servs.*, No. 24-CV-4631, 2024 WL 3429884, at *2 (S.D.N.Y. July 16, 2024) (DHS is not a suable entity). Accordingly, Ms. Dejoie's claim against DHS is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court construes Plaintiff's claims against DHS as asserted against the City of New York, which is already a named defendant. To hold a municipality liable under section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional or other federal right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dept. of Fin.*, No. 23-CV-02558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023).

Plaintiff alleges that the City of New York "caused or contributed to Plaintiff's injuries through policies, customs, practices, failures to train, failures to supervise . . ." (ECF No. 1 at 4). However, Ms. Dejoie offers only conclusory assertions of injury, without identifying any specific municipal policy, practice, or custom, or alleging plausible facts demonstrating their existence or establishing a connection between any such policy and the alleged violation of any federally protected right. Accordingly, Plaintiff's allegations fail to state a claim for relief. *See Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 377 (E.D.N.Y. 2021) ("a plaintiff must allege 'sufficient factual detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the

municipality's custom or official policy." (citation omitted)). Therefore, Plaintiff's claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B. <u>The Homeless Shelters and their Employees</u>

Plaintiff names the following homeless shelters as defendants: Magnolia, Pam's Place, Help USA, along with John Doe employees of those shelters. Access to shelter is not a federal constitutional right, and there is no government obligation to provide adequate housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972); *Mason v. City of New York, et al.,* No. 26-CV-1817, 2026 WL 3181408, at *5 (E.D.N.Y. Oct. 23, 2026). Courts have held that "[t]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Williams v. B.R.C. of New York*, No. 25-CV-0663, 2025 WL 446237, at *2 (E.D.N.Y. Feb. 10, 2025) (internal quotation marks and citation omitted); *Smith v. Westhab Traverse House*, No. 24-CV-4961, 2025 WL 26067, at *3 (S.D.N.Y. Jan. 2, 2025) (shelter and employees not state actors); *Cora v. Shelter*, No. 24-CV-0328, 2024 WL 308248, at *3 (E.D.N.Y. Jan. 26, 2024) (shelter and its employees not state actors); *Gaston v. Shelter*, No. 24-CV-04386, 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) (a shelter is not an appropriate defendant under Section 1983); *Syville v. City of New York*, No. 22-CV-8009, 2023 WL 8258020, at *6 (S.D.N.Y Nov. 29, 2023) (noting that Help USA is a private social-services organization that operates a homeless shelter funded by the City of New York, and that its employee is not a state actor). Because Magnolia, Pam's Place, Help USA, and the John Doe employees of those shelters are not state actors, plaintiff's section 1983 claims are dismissed for

failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

II. Leave to Amend

In an abundance of caution and in deference to plaintiff's *pro se* status, plaintiff is granted leave to file an amended complaint. To proceed with a civil rights claim pursuant to section 1983, Plaintiff must identify the alleged violation of her constitutional rights and either name individual defendants who are state actors and may be personally responsible for the alleged deprivation or name the City of New York and show that a specific municipal policy or custom caused the deprivation of her constitutional rights. Plaintiff must provide dates, locations, and details of any alleged violations and explain how each defendant was involved. If she chooses to file, the amended complaint should be labeled "Amended Complaint." Plaintiff is reminded that any amended complaint completely replaces the prior pleading and must therefore stand on its own without reference to the original complaint or exhibits.

## CONCLUSION

The complaint filed *in forma pauperis* is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is granted until December 21, 2026, to file an amended complaint as set forth above. All proceedings shall be stayed until Plaintiff files an amended complaint or the time for doing so has expired. If Plaintiff does not file an amended complaint within the time permitted, judgment shall be entered against Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied

for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to both email and mail a copy of this Memorandum and Order to the *pro se* Plaintiff and to note the mailing on the docket. The Clerk of Court is respectfully directed to grant Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 2). The Clerk of Court is respectfully directed to grant in part and deny in part Plaintiff's motion to expedite consideration of preliminary protective relief; for disability-related placement and transfer determinations; and for an opportunity to submit a proposed amended and supplemental complaint. (ECF No. 5). Plaintiff is granted until December 21, 2026, to file an amended complaint.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 20, 2026
Brooklyn, New York